UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

WALTER BELLAMY,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## **PLAINTIFF, WALTER BELLAMY'S COMPLAINT**

Plaintiff WALTER BELLAMY sues Defendant ROYAL CARIBBEAN CRUISES LTD., and alleges:

### **PRELIMINARY ALLEGATIONS**

1. The Plaintiff, WALTER BELLAMY, is a citizen of the United States and a resident of the state of South Carolina.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

- 2 -
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.


c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Independence of the Seas*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Independence of the Seas*.

8. At all times material hereto, Defendant had exclusive custody and control of the *Independence of the Seas*.

9. On or about December 11, 2018, Plaintiff was a paying passenger aboard the *Independence of the Seas*, which was in navigable waters.

10. On or about December 11, 2018, the Plaintiff was engaged in an activity offered onboard the *Independence of the Seas* referred to as the Sky Pad, an activity located on the Sports deck. The Sky Pad is an activity where a participant is positioned on a trampoline, and then fitted with a harness with bungee cords attached on either side, enabling them to jump up and down.

- 2 -
LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

11. On or about December 11, 2018, Defendant's Sky Pad instructor instructed passengers, including Plaintiff, to perform flips on the Sky Pad. However, the Sky Pad instructor did not inform the passengers, including Plaintiff, on how to safely perform a flip without sustaining an injury and/or the dangers of engaging in the Sky Pad activity.

12. On or about December 11, 2018, the Plaintiff severely injured his upper right extremities while engaging in the Sky Pad activity after performing a flip as he was instructed to do by Defendant's Sky Pad instructor.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

15. On or about December 11, 2018, the Plaintiff was on deck thirteen in the Sky Pad area aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about December 11, 2018, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn the Plaintiff of the dangers posed by engaging in the Sky Pad activity;

    b. Failure to adequately warn passengers and Plaintiff of other accidents previously

  occurring on the Sky Pad;

 c. Failure to warn the Plaintiff of the dangers of performing a flip while using the Sky Pad;

 d. Failure to warn the Plaintiff of the risks and/or dangers associated with using the Sky Pad trampoline, including but not limited to performing flips while holding onto the harness.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have engaged in the Sky Pad activity had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, and the Plaintiff's working ability has been impaired.  The injuries are permanent or

continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. On or about December 11, 2018, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to follow the operational instructions, procedures, and guidelines for the Sky Pad;

   b. Failure to follow appropriate safety standards pertaining to the operation of the Sky Pad;

   c. Failure to adequately train the staff used to operate the Sky Pad;

   d. Failure to adequately instruct the staff;

   e. Failure to adequately assess the staffs' competence to safely operate the Sky Pad;

   f. Operating an activity, such as the Sky Pad, without doing proper risk assessments and determining the safety risks associated with the Sky Pad, and then failing to address those safety risks and take the appropriate measures;

   g. Failure to properly instruct and supervise the Sky Pad instructor on the day in

question;

h. Failure of the instructor to follow appropriate procedures and guidelines, including, but not limited to, directing Plaintiff to jump and flip while holding the bungee;

i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger of doing flips while engaging in Sky Pad activities;

j. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers do not get injured while using the Sky Pad;

k. Failure to promulgate and/or enforce adequate policies and procedures to instruct passengers in using the Sky Pad in a reasonably safe manner;

l. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around the Sky Pad areas so that passengers are aware of its dangers;

m. Failure to analyze prior Sky Pad accidents aboard Defendant's vessels occurring in the same and/or similar manner so as to remedy such hazardous conditions; and/or

n. Failure to correct hazardous conditions following other Sky Pad accidents that happen in the same and/or similar manner; and/or

o. Failure to instruct passengers and the Plaintiff concerning proper use of the Sky Pad activity;

p. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

27. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant following the Sky Pad's operating manual and operating instructions, including daily inspection and instruction to crewmembers and/or through prior incidents involving passengers injured due to Sky Pad activities on Defendant's vessels and/or Defendant's other vessels using the same Sky Pad.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

> Respectfully submitted,
>
> LIPCON, MARGULIES,
> ALSINA & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131

- 8 -

        Telephone No.: (305) 373-3016
        Facsimile No.: (305) 373-6204

By: */s/ Jason R. Margulies*
   **JASON R. MARGULIES**
   Florida Bar No. 57916
   jmargulies@lipcon.com
   **DANIEL W. GRAMMES**
   Florida Bar No. 1010507
   dgrammes@lipcon.com
   **ANDREW S. FREEDMAN**
   Florida Bar No. 091087
   afreedman@lipcon.com